UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KHAN,<br><br>   Plaintiff,<br><br>  v.<br><br>DALY CITY POLICE DEPARTMENT, et al.,<br><br>   Defendants. | Case No. 22-cv-04064-WHO (PR)<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANTS TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK**<br><br>Dkt. No. 15 |

### INTRODUCTION

Plaintiff David Khan raises claims against roughly 25 defendants who he alleges violated his federal constitutional rights when they falsely arrested him. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a). When liberally construed, Khan has stated claims against Daly City police officers Baroni, Tualaulelei, and Ortega for violating his due process and Fourth Amendment rights.

All other claims and defendants are DISMISSED. Khan names many defendants, but has provided specific factual allegations against only a few. In addition, his claim of excessive bail cannot proceed; bail is set by the court and the court is immune from suit. His Fifth Amendment claim is conclusory and his allegations are best seen as falling under due process and the Fourth Amendment. His equal protection claim is not distinguishable from his due process and Fourth Amendment claims. His claims against the San Mateo district attorney and his court-appointed defense counsel cannot proceed because such

persons are immune from suit under section 1983. His claim of a conspiracy among many individuals and institutions is far too conclusory to proceed.

The Court directs defendants Baroni, Tualaulelei, and Ortega to file in response to the operative complaint a dispositive motion, or a notice regarding such motion, on or before **May 12, 2025**. Defendants also shall file an answer in accordance with the Federal Rules of Civil Procedure.

No hearing will be held on any motion unless I specifically order one.

Khan should be aware that his claims may be barred by the statute of limitations, which demands that a section 1983 suit be filed within two years from the date the claims accrue. Khan filed his suit in July 2022, which is more than two years after the April 28, 2020 incidents. Furthermore, his suit was dismissed in 2022 for failure to prosecute and was not reopened until 2024.

Khan's motion to proceed in forma pauperis is GRANTED. (Dkt. No. 15.)

The Clerk shall terminate all pending motions.

## DISCUSSION

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting

2

*Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Legal Claims

Khan alleges that on April 28, 2020 he was at his residence in Daly City when Daly City police officers and detectives unlawfully arrested him, entered his residence, and searched and seized his property. (Compl., Dkt. No. 1 at 8-11.) When liberally construed, Khan has stated due process and Fourth Amendment claims against Daly City police officers Charles Baroni, Jerel Tualaulelei, and Jose Ortega for (i) the unlawful arrest and seizure of his person; and (ii) the unlawful search and seizure of his property.

All other claims and defendants are DISMISSED. Of the 25 defendants he names, Khan has provided sufficient factual allegations against the above defendants only. His First Amendment retaliation claims against the Daly City Police Department and the San Mateo County District Attorney are too vague to proceed. And the district attorney is immune from suit under section 1983 for actions taken in his role as prosecutor. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).

Khan's Fifth Amendment claims against police officers fail to state a claim for relief. He alleges in a conclusory fashion that they arrested him for exercising his Fifth Amendment rights. (Compl., Dkt. No. 1 at 15.) Not only is that claim conclusory, but his claim of unlawful arrest properly falls under the Fourth Amendment. His Eighth Amendment excessive bail claim cannot proceed because bail is determined by the court and the court is immune from suit. His Sixth Amendment claims against his defense counsel are unrelated to his unlawful arrest claims. (*Id.* at 19.) And his court-appointed

3

attorney is immune from suit for the actions taken as counsel. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981). The claim of a conspiracy between the district attorney, the sheriff, the courts and others to deprive him of his rights is too conclusory to proceed.

Khan should be aware that his claims may be barred by the statute of limitations, which demands that a section 1983 suit be filed within two years from the date the claims accrue. Section 1983 takes its limitations period from the forum state's statute of limitations for personal injury torts, *see Wilson v. Garcia*, 471 U.S. 261, 276 (1985), which, in California, is two years. *See* Cal. Civ. Proc. Code § 335.1; *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). This two-year statute of limitations period is tolled for two years if the plaintiff is a prisoner serving a term of less than life, thus giving such prisoners effectively four years to file a federal suit. *See* Cal. Civ. Proc. Code § 352.1(a). Khan, who does not appear to have been serving a prison sentence, filed his suit in July 2022, which is more than two years after the April 28, 2020 incidents. Furthermore, his suit was dismissed in 2022 for failure to prosecute and was not reopened until 2024.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the operative complaint in this matter (Dkt. No. 1), all attachments thereto, on defendants Charles Baroni, Jerel Tualaulelei, and Jose Ortega, employees of the Daly City Police Department, and orders these defendants to respond to the cognizable claims raised in the operative complaint.

2. Defendants shall file an answer or other appropriate response in accordance with the Federal Rules of Civil Procedure.

3. On or before **May 12, 2025**, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

   a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C.

§ 1997e(a), defendants shall do so in a motion for summary judgment as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

        b.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion is filed.

5. Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on that or any motion unless the Court so orders at a later date.

7. All communications by the plaintiff with the Court must be served on defendants, or on defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

11. A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be

given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendants shall provide the following notice to plaintiff when he files and serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

12. No hearing will be held on any motion unless I specifically order one.

13. Khan's motion to proceed in forma pauperis is GRANTED. (Dkt. No. 15.)

14. The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:** January 9, 2025



WILLIAM H. ORRICK
United States District Judge

6